[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13322
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00335-RDP-TFM-3


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSHUA JARRELL JACKSON,
a.k.a. "Bam" or "Bam Bam",

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(May 17, 2018)

Before TJOFLAT, WILLIAM PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

Joshua Jackson appeals the mandatory statutory minimum sentence of 240 months that he received after entering conditional pleas of guilty to tampering with a witness, 18 U.S.C. §§ 2, 1512(b)(3), and to conspiring to distribute and possess with intent to distribute more than 5 kilograms of cocaine, 21 U.S.C. §§ 841(b)(1)(A), 846. Jackson challenges the enhancement of his sentence based on his youthful offender adjudication in an Alabama court. *Id.* § 841(b)(1)(A). We affirm.

Jackson's argument is foreclosed by our precedents. We held in *United States v. Elliott*, 732 F.3d 1307 (11th Cir. 2013), that "a youthful offender who pled guilty and was adjudicated must also be considered to have sustained a conviction for purposes of the Guidelines career offender enhancement, even if state law does not consider him 'convicted.'" *Id.* at 1313. And a state adjudication that "is considered a 'conviction' for purposes of career offender status . . . [is] also . . . considered a 'conviction' for purposes of enhancement under 21 U.S.C. § 841." *United States v. Fernandez*, 58 F.3d 593, 599 (11th Cir. 1995). Our prior precedent rule requires that we follow binding circuit precedent unless and until it is overruled by this Court en banc or by the Supreme Court. *United States v. Cruickshank*, 837 F.3d 1182, 1187 (11th Cir. 2016).

We **AFFIRM** Jackson's sentence.